

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant Superintendent
State Department of Education
Austin, Texas

Dear Sir:          Opinion No. 0-6779
                   Re: Parochial Schools -
                       Constitutionality of a portion
                       of Section 1, Art. III, Senate
                       Bill 167 (Rural Aid Law), 49th
                       Legislature of Texas.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The last clause in sentence 3 of Section 1, Article III, of the Rural Aid Law which was enacted by the 49th Legislature provides in substance that there shall be deducted from the enumerated scholastics of all rural aid schools all scholastics enrolled in or attending parochial schools in such rural aid districts.

"We would like for you to define for this Department the meaning of the word 'parochial'. Is the term inclusive enough to include all church schools and private schools, or is the meaning of the word 'parochial' limited enough to include only those church schools which are controlled by a church parish?

"If your answer is that it includes only those church schools which are controlled

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. T. M. Trimble - Page 2

within a church parish, and does not include
private and church schools that are not con-
trolled within a parish, has the Legislature
acted within its Constitutional authority in
discriminating against this particular group
of children?"

We quote from Section 1 of Article III,
Senate Bill 167, 49th Legislature of Texas, as follows:

"The basis for calculation shall be
the net scholastic enumeration of white or
colored race, as the case may be, including
the transfers into the district, provided
such transfers are from districts eligible
to receive aid under Article I of this Act
for the current year, and excluding the trans-
fers out of the district; and there shall be de-
ducted all scholastics who have completed the
course of study in their home school, as
classified by the county board of trustees,
those whose grades are taught within the dis-
trict from which they are transferred, unless
such scholastics maintain an average daily
attendance of sixty-five (65) per cent in the
district to which they are transferred, and
all scholastics enrolled in or attending
parochial schools in the district. . . ."
(Underscoring ours)

46 Corpus Juris, p. 1383, defines the term
"parochial" as follows:

"Parochial - Relating to or belonging
to a parish."

Webster's New International Dictionary, Second
Edition, defines the terms "parochial" and "parochial schools"
as follows:

"Parochial - 1. Of or pertaining to a
parish; as parochial clergy or boundaries;
controlled, supported by or within the jurisdic-
tion of a parish, or parish church; as parochial

Hon. T. M. Trimble - Page 3

schools, charities. 2. confined or restricted
to a parish; as, of parochial interest; hence
limited in range or scope; narrow, local; as a
parochial mind or point of view.

"Parochial School - a school usually
for elementary instruction, maintained by a
parish or a religious body."

The case of State ex rel Johnson, et al v.
Boyd, et al, 28 N. E. (2) 257, holds that the question as to
whether a school is public or parochial is determined by the
control thereof. We quote from said case as follows:

"Although it was alleged in the
complaint that these schools were directed
and controlled through the clerical govern-
ment of the church exercised by and through
the Bishop, there was no such finding by the
Court. Whether these schools, during the
period in question, were parochial or public
schools is determined by their control."

Words in common use when used by the Legislature
in a statute are to be understood as intended to express the
sense in which they are ordinarily used. T. & P. Ry. Co. v.
Railroad Commission of Texas, 150 S. W. 878.

It is our opinion that the term "parochial"
as used in the above quoted statute should be given its usual
and ordinary meaning as shown by the definitions above
quoted in this opinion. It is our further opinion that the
term "parochial" is a limited term and is not inclusive
enough to include all church schools and all private schools.
As to whether any particular school is or is not a parochial
school will of course be determined by all the facts with
reference thereto.

It is also our opinion that the portion of
the above quoted act, which you have inquired about, is

Hon. T. M. Trimble - Page 4


clearly constitutional.  See Mumme v. Marrs, 40 S. W. (2) 31.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Wm. J. Fanning
                Assistant

WJF:BT

APPROVED
OPINION
COMMITTEE
BY_____
CHAIRMAN